IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-00446-FL-1
No. 5:26-CV-00243-FL

**Antonio Deon Fozard**,

Petitioner,

v.

**United States of America**,

Respondent.

**Order &**
**Memorandum & Recommendation**

Pro se Petitioner Antonio Fozard says that his counsel rendered ineffective assistance during his criminal proceedings. This deficient performance, Fozard contends, resulted in the court adopting a higher guideline range than it would have had he been adequately represented. So he seeks relief through 28 U.S.C. § 2255. He also seeks leave from the court to amend and supplement his § 2255 motion.

The court will permit Fozard to amend his motion. But even after the amendment, Fozard's claims are meritless. To begin with, he signed a plea agreement which included a waiver of his ability to collaterally attack his sentence. And in his plea agreement, Fozard stipulated to the applicability of several sentencing enhancements that he now challenges. He also acknowledged his role in the crime, which establishes the applicability of another challenged sentencing enhancement. For these reasons, this opinion recommends that the district court dismiss Fozard's claims.

## I. Background

In the fall of 2020, the United States charged Fozard in a criminal information with healthcare fraud and conspiracy to commit healthcare fraud. Information, D.E. 1. That instrument alleged Fozard had controlled four businesses that submitted fraudulent Medicare reimbursement requests. Information ¶¶ 1, 3. The United States also accused Fozard of conspiring with at least two other companies to do the same. *Id.* ¶ 4. And it claimed that Fozard conducted these fraudulent schemes for more than five years. *Id.* ¶ 21.

In early 2021, Fozard pleaded guilty to the Information pursuant to a plea agreement. Feb. 25, 2021 Minute Entry, D.E. 14; Mem. of Plea Agreement, D.E. 17. The plea agreement included a waiver of Fozard's right to appeal or collaterally attack his sentence. That clause stated that Fozard agreed:

> To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

*Id.* ¶ 2(c).

The plea agreement also contained a stipulation regarding six adjustments to Fozard's sentencing guideline range. *Id.* ¶¶ 5(a)–(f). These included five enhancements under the following Guidelines provisions: § 2B1.l(b)(1) (loss between $3,500,000 and $9,500,000); U.S.S.G. § 2B1.1(b)(2) (more than ten victims); § 2B 1.1(b)(7) (loss greater than $7,000,000); § 2B1.1(b)(11) (unauthorized use of identification); § 3C1.1 (obstruction). *Id.*

During his plea colloquy, the court asked Fozard if he had "fully discussed" the charges against him, and he replied, "[y]es." Feb. 25, 2021 Hr'g Tr. at 14:19–22, D.E. 53. It then again asked Fozard if he, "in fact, discussed [the] case with [his] attorney," and Fozard responded affirmatively. *Id.* at 19:6–8. It also asked him if he was "satisfied" with his attorney's representation, and he again said "[y]es." *Id.* at 9–11. The court also confirmed that Fozard had reviewed the plea agreement and agreed to its contents, including the waiver of his appellate rights. *Id.* at 22:12–23:11.

The court heard from an attorney for the government who recited the factual basis for the plea. *Id.* at 26:5–11. The government noted the allegations from the information and said that Fozard's companies employed at least three co-conspirators to carry out the scheme. *Id.* at 28:4–29:2. And it contended that Fozard had involved innocent citizens in the scheme by using their information to submit these false claims. *Id.* at 30:1–13.

Fozard's counsel declined to challenge these facts. *Id.* at 31:3–6. The court asked Fozard if he understood the allegations and whether he wished to challenge them. *Id.* at 31:7–13. Fozard responded "[n]ot today." *Id.* at 31:14. Unsatisfied with that answer, the court questioned him with more specificity. After explaining why such an indefinite answer was insufficient, it asked again if he disputed anything the government alleged. *Id.* at 31:15–32:13. This time Fozard replied "[n]o." *Id.* at 32:13. The court then accepted Fozard's guilty plea. *Id.* at 33:1–5.

Prior to his sentencing, a presentence investigation report was prepared. That report calculated Fozard's total offense level under the Sentencing Guidelines as 34. Presentence Investigation Report ¶ 85, D.E. 26. And it noted that the Guidelines recommended a prison sentence of 151 to 188 months. *Id.* ¶ 87. The range was based, in part, on a four-point enhancement

under guideline § 3B1.1(a) and was not among the stipulations in the plea agreement. *Id.* ¶ 79. That enhancement is operative when "[T]he defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S. Sent'g Guidelines Manual § 3B1.1(a) (U.S. Sent'g Comm'n 2021). Fozard's counsel filed a sentencing memorandum that asked for a downward departure but did not dispute the Guidelines range put forward by the presentence report. Sealed Document, D.E. 35.

At the sentencing hearing, the court sentenced Fozard to 151 months in prison. J., D.E. 46; Nov. 15, 2022 Sent'g Hr'g Tr. at 22:6–7, D.E. 55. The court agreed with the Guidelines range set out in the presentence report. *Id.* 22:1–5. It acknowledged that Fozard's offense level was 34 due in part to the leadership enhancement. *Id.* at 4:7–22. The court observed that Fozard was "[t]he leader or a leader" and noted that it was "a complicated scheme." *Id.* at 4:10–16. Neither Fozard nor his attorney objected to the court's finding or the characterization of his role as a leader.

Fozard appealed his sentence and requested substitute counsel. Notice of Appeal, D.E. 49. The Fourth Circuit first found that Fozard's guilty plea was valid, being knowingly and voluntarily made. *United States* v. *Fozard*, No. 22–4679, 2025 WL 1662739, at *1 (4th Cir. June 12, 2025). But because the court failed to orally pronounce all the conditions of the written judgment, it remanded the case for resentencing. *Id.* at *2.

The Fourth Circuit also found that because "any ineffectiveness of Fozard's trial counsel does not appear on the face of the present record, Fozard's ineffective assistance claims are not cognizable on direct appeal." *Id.* It remarked that "Fozard should thus present these claims, if at all, in a 28 U.S.C. § 2255 motion to permit sufficient development of the record." *Id.* The district court resentenced Fozard to 139 months in prison. Am. J. at 2, D.E. 95. The new sentence reflected

a downward variance the court allowed, resulting in a 108-month term of imprisonment on Count One and a consecutive 31-month sentence on Count Two. *Id.* As with the original sentence, the district court required him to pay $4.2 million in restitution. *Id.* at 6.

Fozard moved to vacate his sentence in April 2026. Sealed Mot. to Vacate, D.E. 96. The sum of Fozard's eighty-six-page motion is that his trial counsel was constitutionally ineffective for two reasons. First, counsel did not argue against the leadership enhancement. And second, counsel did not require the court to make findings required by law in connection with the loss attribution and restitution amount ordered by the court.

The United States moved to dismiss. Mot. to Dismiss, D.E. 100. The government contends that Fozard waived his ability to challenge the loss-calculation through his plea agreement's collateral attack waiver. Mem. in Supp, D.E. 101. And it says that the remaining arguments fail on the merits. *Id.*

Fozard moved to amend his § 2255 motion to add three additional claims of ineffective assistance of counsel. First, his attorney failed to challenge the enhancement for ten or more victims. U.S.S.G. § 2B1.1(b)(2)(A). Second, counsel was deficient in not investigating, challenging, or litigating the enhancement for obstruction. *Id.* § 3C1.1. Fozard brings a third claim grounded on his attorney's failure to litigate the enhancement for unlawful use or transfer of identification. *Id.* § 2B1.1(b)(11).

## II. Standard

Fozard can prevail on his motion to vacate in four ways. He could show that the district court imposed a sentence that violated the Constitution or laws of the United States. 28 U.S.C.

§ 2255(a). Or he could establish that the court lacked jurisdiction to sentence him. *Id.* He could also show that his sentence exceeded what the law allowed. *Id.* And if he cannot make any of those showings, he could still prevail by showing that his sentence was otherwise subject to collateral attack. *Id.* No matter which avenue he pursues, he must show that he is entitled to relief by a preponderance of the evidence. *Miller* v. *United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The United States asks the court to dismiss Fozard's motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim for relief. The Federal Rules apply to a § 2255 motion only if they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. The court will apply the Rule 12(b)(6) standard since there is no conflict between that rule and the Rules for Section 2255 Proceedings.

The Supreme Court has explained that to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, while a court must accept all the factual allegations in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory or just a formulaic recitation of the elements

of a claim. *Iqbal*, 556 U.S. at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). If the well-pleaded allegations do not plausibly establish an entitlement to relief, the court must dismiss the deficient claims.

A court addressing a Rule 12(b)(6) motion typically must limit its consideration to the complaint's allegations. *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). But there are some exceptions to this general rule. For example, a court may consider documents incorporated by reference into the complaint and take judicial notice of public records. *See, e.g.*, *Tellabs, Inc.* v. *Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Philips*, 572 F.3d at 180. And in the context of a § 2255 motion, a court may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States* v. *Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013). It can also rely on its own familiarity with the proceedings. *See, e.g.*, *Blackledge* v. *Allison*, 431 U.S. 63, 74 n.4 (1977).

With this standard in mind, the court turns to consider the parties' arguments.

## III. Discussion

Fozard's original motion puts forward two arguments for finding ineffective assistance of counsel. He says that his attorney was constitutionally ineffective by failing to challenge two

sentencing guideline adjustments: § 3B1.1(a) (leadership adjustment) and § 2B1.1 (amount of loss adjustment).

**A. Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *See Strickland* v. *Washington*, 466 U.S. 668, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. The court must be "highly deferential" to counsel's performance and must aim to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

The second prong requires a petitioner to demonstrate that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill* v. *Lockhart*, 474 U.S. 52, 59 (1985). And when a defendant alleges he received ineffective assistance at sentencing, he must establish that there is a "reasonable probability" that he "would have received a different sentence" absent his attorney's mistakes. *See Sears* v. *Upton*, 561 U.S. 945, 956 (2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### 1. Loss Amount Enhancement

Fozard argues that his attorney should have challenged the loss amount attributable to him, despite the fact that the plea agreement contained a stipulation for a § 2B1.1 enhancement. The government counters that his plea agreement's collateral attack waiver bars this claim.

A court may enforce a defendant's waiver of his right to collaterally attack his conviction or sentence so long as the waiver is valid and its language covers the issues raised in a § 2255 motion. *United States* v. *Block*, 408 F.3d 162, 168 (4th Cir. 2005); *see United States* v. *Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (holding that a court may enforce a collateral attack waiver, "so long as the waiver is knowing and voluntary."). A waiver's validity "depends on whether the defendant" entered the waiver "knowingly and intelligently[.]" *Block*, 408 F.3d at 169.

Fozard's plea agreement required him to acknowledge that he "waive[d] any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255[.]" Plea Agreement ¶ 2(c). The agreement excepted Fozard's right to pursue a "motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of [his] guilty plea." *Id.* And it included a stipulation that the loss was between $3,500,000 and $9,500,000 which warranted an increase in the offense level under USSG § 2B1.1(b)(1). *Id.* ¶ 5(a).

The Fourth Circuit determined that Fozard's waiver was knowing and voluntary. *Fozard*, 2025 WL 1662739, at *1. And Fozard conceded that he discussed the applicability of this enhancement on September 17, more than a week before signing the plea agreement and five months prior to his plea. Ex. A, D.E. 96–1. Once the court accepted his guilty plea, Fozard was bound by the stipulations in the plea agreement absent circumstances permitting him to withdraw

from or otherwise avoid the agreement. *United States* v. *Yooho Weon*, 722 F.3d 583, 589 (4th Cir. 2013). So this claim lacks merit.

And Fozard waived his ability to challenge his sentence through an ineffective assistance claim for actions he was aware of before the entry of his plea. He cannot argue that the enhancement did not apply and should not have been agreed to or should have been otherwise challenged.[1] To the extent that Fozard challenges his attorney's post-plea actions related to this enhancement, as the opinion explains below, Fozard's attorney did not fall short of his obligations because Fozard stipulated to this provision. For this reason, the district court should dismiss his claims relating to the amount-of-loss enhancement.

**2. Leadership Enhancement**

Fozard's next claim relates to the leadership enhancement under guideline § 3B1.1(a). He contends that the court was bound to make certain factual findings related to this enhancement and that his attorney was constitutionally ineffective by failing to argue that it may not apply. The government maintains that there was no obligation for the court to make separate factual findings because the agreed-upon facts demonstrated the applicability of this enhancement.

The leadership enhancement applies where the defendant is found to be "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(a). As a threshold matter, for this enhancement to operate, "the defendant must

[1] To the extent that Fozard challenges his attorney's post-plea actions related to this enhancement, as section III(B)(1), of the opinion explains, Fozard's attorney did not fall short of his obligations because Fozard stipulated to this enhancement.

have been the organizer, leader, manager, or supervisor of one or more other participants." *Id.* cmt. 2.

In examining whether the criminal activity was "otherwise extensive," the court "may consider all persons involved during the course of the entire offense, even the unknowing services of many outsiders." *United States* v. *Beverly*, 284 F. App'x 36, 41 (4th Cir. 2008) (quotation omitted). Actions like Fozard's constitute "otherwise extensive" criminal activity to trigger application of § 3B1.1(a). *Id.* at 42 (citing *United States* v. *Sidhu*, 130 F.3d 644, 655 (5th Cir. 1997) (submitting false medical service claims, using innocent employees to bill and collect fraudulent claims and involving unwitting patients in the scheme constituted "otherwise extensive" criminal activity). Even without five or more direct subordinates in the scheme, a defendant's use of innocent and unknowing third parties can trigger the adjustment. U.S.S.G. § 3B1.1 cmt. 3 ("[A] fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive.").

Fozard's criminal information noted his own involvement along with three subordinates and at least one person whose personal information was used to procure Medicare reimbursements. Fozard's scheme also involved four businesses he directly controlled and two related businesses with which he coordinated.

What's more, by Fozard's own admission, the amount of money involved in the conspiracy exceeded $4,000,000. Suppl. Br. at 7, D.E. 104-1. A fraud scheme involving a significant amount of money "can properly be regarded as extensive" for purposes of this enhancement. *Morphew* v. *United States*, 909 F.2d 1143, 1145 (8th Cir. 1990); *but see United States* v. *Boula*, 932 F.2d 651,

654 (7th Cir. 1991) (contending that "otherwise extensive" means "the number of people involved in the operation, not the extent of the criminal activity").

Fozard's scheme still involved at least five identified people and multiple business entities as well as significant sums. So the district court did not err by applying the four-level adjustment under § 3B1.1(a).

Given Fozard's leadership role in a criminal activity that involved at least five people and was "otherwise extensive," the § 3B1.1(a) enhancement applied. See PSR ¶¶ 20–37 (setting out overview of offenses including fraud-scheme participants). Thus his attorney did not fall short of his obligations by not contesting the enhancement and his decision not to do so was objectively reasonable. *See Jacobs* v. *United States,* No. 7:18-CR-00155-FL, 2025 WL 3673286, at *8 (E.D.N.C. Aug. 4, 2025) (noting that the failure to advance a meritless claim does not establish deficient performance by counsel)*, adopted by* 2025 WL 3669855 (E.D.N.C. Dec. 16, 2025). So the district court should dismiss this claim.

### B. Motion to Amend

Fozard seeks to amend his Motion to Vacate to present three more claims for relief. Each of these also stems from his attorney's failure to argue against guideline adjustments. He challenges the following enhancements: (1) § 2B1.1(b)(2)(A) (ten or more victims); (2) § 2B1.1(11) (misuse of identification); (3) § 3C1.1 (obstruction). The government did not respond to the motion.[2]

[2] This failure to present a response does not automatically entitle Fozard to the relief he seeks. "The . . . court must always make an independent determination that the motion is meritorious." *Fleming* v. *Apollo Motor Homes, Inc.*, 87 F.R.D. 408, 409 n.1 (M.D.N.C. 1980).

A motion to amend is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States* v. *Pittman*, 209 F.3d 314, 317 (4th Cir. 2010). A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires[,]" *id.*, the court need not grant a plaintiff leave to amend when "the amendment would be futile." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quotation omitted).

Fozard filed his motion to amend on June 15, twenty days after the government moved to dismiss. Accordingly, Fozard may amend his motion as a matter of course. The court will therefore consider these other grounds for relief below.

**1. Other Sentencing Enhancements**

Fozard's motion to amend adds several other claims relating to ineffective assistance of counsel. In sum, Fozard complains that the sentencing-guideline adjustments required "adversarial testing." Suppl. Br. at 5, D.E. 104–1. Fozard alleges that his attorney was constitutionally ineffective by not objecting to these enhancements.

These claims fail because counsel was not required to object to Guidelines enhancements to which Fozard had expressly stipulated. *See, e.g.*, *Albarran-Rivera* v. *United States*, 7:10-CR-95-FL-3, 7:12-CV-262–FL, 2013 WL 5570956, at *4 (E.D.N.C. Oct. 9, 2013); *United States* v. *Atkinson*, No. 1:23-CR-387–5 (DNH), 1:25-CV-999 (DNH), 2026 WL 93836, at *6 (N.D.N.Y. Jan. 13, 2026) ("Courts routinely reject ineffective-assistance claims premised on a failure to

object to sentencing enhancements where, as here, the enhancements were bargained for as part of a plea agreement.").

Courts reject such claims because "absent a successful withdrawal from a plea agreement or other very exceptional circumstances, a defendant remains bound by the . . . stipulations in his plea agreement once the plea has been accepted by the district court." *Yooho Weon*, 722 F.3d at 589; *Lamar* v. *United States*, No. 1:18-CV-204, 1:17-CR-52, 2021 WL 4822491, at *3 (N.D.W. Va. Oct. 15, 2021). So, "stipulations in a plea agreement can stand on their own, and do not have to be independently corroborated by evidence in the record." *Rios-Rolon* v. *United States*, No. 12–1408, 2012 WL 13228610, at *1 (1st Cir. Sept. 19, 2012).

Fozard is bound by the plea agreement. He repeatedly affirmed that he had read the plea agreement, understood it, and agreed to its terms. He thus cannot avoid the sentencing enhancements that were included in that agreement. Any challenge to these stipulations during sentencing would have been meritless. And there is no cognizable ineffective assistance claim for counsel's failure to make a meritless objection. *Rodriguez* v. *Bush*, 842 F.3d 343, 347 (4th Cir. 2016). For this reason, the district court should dismiss the remainder of Fozard's claims.

## IV. Conclusion

For all these reasons, the district court should grant the government's motion and dismiss Fozard's § 2255 motion. D.E. 96. The court also grants Fozard's Motion to Amend. D.E. 104. But the district court should dismiss the claims added by that Motion. Because the arguments of the parties are adequately represented in the record, the court denies Fozard's alternative motion for an evidentiary hearing. Resp. in Opp'n at 37–40, D.E. 103.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: September 2, 2026

Robert T. Numbers, II
United States Magistrate Judge